PATRICIA A. O'CONNOR (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778


WM 16-305 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARLEYDIS ORTIZ,                                            **Docket No.:** 17 CV 945

                              Plaintiff,


        -against-                                           <u>**NOTICE OF REMOVAL**</u>


WAL-MART STORES SUPERCENTER STORES #2104,
WAL-MART REAL ESTATE BUSINESS,
WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

                              Defendants.
-------------------------------------------------------------------X

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**

        Defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART

SUPERCENTER STORE #2104, WAL-MART REAL ESTATE BUSINESS, WAL-MART

STORES, INC. and WAL-MART STORES EAST, LP", for the removal of this action from the

Supreme Court of the State of New York, County of ORANGE, to the United States District Court

for the SOUTHERN District of New York, respectfully shows this Honorable Court:

        FIRST:        Defendant, WAL-MART STORES EAST, LP is a defendant in a Civil

action brought against it in the Supreme Court of the State of New York, County of ORANGE,

entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
MARLEYDIS ORTIZ,                                                    **Index No.: EF005960/16**

                                    Plaintiff,

            -against-

WAL-MART STORES SUPERCENTER STORES #2104,
WAL-MART REAL ESTATE BUSINESS,
WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

                                    Defendants.
--------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are

annexed hereto as Exhibit A.

            SECOND: That this action seeks recovery for damages sustained as a result of

personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

            THIRD:  The grounds for removal are that this Court has original jurisdiction

pursuant to 28 § 1332(a)(1).  The amount in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs, and is between citizens of different States.  By document dated

January 27, 2017, plaintiff demanded $750,000 to settle this claim.

            FOURTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited

partnership with its corporate headquarters and principal place of business in Arkansas. WSE

Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE

Management, LLC is the General Partner.  Both are Delaware companies with their principal places

of business in Arkansas.  The sole member of both limited liability companies is Wal-Mart Stores

East, Inc.  Wal-Mart Stores East, Inc. is a citizen of Arkansas.  It is incorporated in Arkansas and

its principal place of business is in Arkansas.  Thus, for diversity purposes, the defendant is a citizen

of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

FIFTH: That upon information and belief Plaintiff is a citizen of the State of New York, County of ORANGE.

SIXTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of ORANGE to the United States District Court for the SOUTHERN District of New York.

Dated: Northport, New York
January 30, 2017

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR (PO 5645)
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 16-305 PO

TO:   SOBO & SOBO, LLP
      Attorneys for Plaintiff
      One Dolson Avenue
      Middletown, New York 10940
      (845) 343-0466

# Exhibit

A

FILED: ORANGE COUNTY CLERK 08/30/2016 04:02 PM
NYSCEF DOC. NO. 1

INDEX NO. EF005960-2016
RECEIVED NYSCEF: 08/30/2016

Date of Filing:

Index #:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
835 Blooming Grove Tpk
New Windsor, NY 12553

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
MARLEYDIS ORTIZ,

                              Plaintiff,                                    **SUMMONS**

           -against-

                                                                           **Index No.:**

WAL-MART SUPERCENTER STORE #2104
WAL-MART REAL ESTATE BUSINESS,
WAL-MART STORES, INC. and WAL-MART
STORES EAST, L.P.
                              Defendants.
------------------------------------------------------------X
To the above-named defendant(s):

        YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

                                              SOBO & SOBO, LLP

                                              JENNIFER M. ROSADO, ESQ.
                                              Attorneys for Plaintiff
                                              One Dolson Avenue
                                              Middletown, NY 10940
                                              (845) 343-0466

Dated: July 28 , 2016
        Middletown, New York
Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
MARLEYDIS ORTIZ,

                       Plaintiff,                **VERIFIED**
                                                    **COMPLAINT**

       -against-

                                            **Index No.:**

WAL-MART SUPERCENTER STORE #2104
WAL-MART REAL ESTATE BUSINESS,
WAL-MART STORES, INC. and WAL-MART
STORES EAST, L.P.

                       Defendants.
-----------------------------------------------------------------X

       Plaintiff, MARLEYDIS ORTIZ, by her attorneys, SOBO & SOBO, L.L.P., as and

for the Verified Complaint, herein alleges the following:

       1.  That at all times hereinafter mentioned, the Plaintiff was and still is a resident

of the County of Orange, State of New York.

       2.  That at all times hereinafter mentioned, upon information and belief, the

Defendant, WAL-MART SUPERCENTER STORE #2104, was and still is a domestic

corporation organized and existing under and by virtue of the Laws of the State of New

York.

       3.  That at all times hereinafter mentioned, upon information and belief, the

Defendant, WAL-MART SUPERCENTER STORE #2104, was and still is a foreign

corporation duly authorized to do business within the State of New York.

       4.  That at all times hereinafter mentioned, upon information and belief, the

Defendant, WAL-MART SUPERCENTER STORE #2104, was and still is a business

entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, was the owner of a certain premises located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Wal-Mart Supercenter."

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, maintained the aforesaid premises.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, managed the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, controlled the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, operated the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, was the lessee of the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART SUPERCENTER STORE #2104, was the lessor of the aforesaid premises.

12. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a foreign corporation duly authorized to do business within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the owner of a certain premises located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Wal-Mart Supercenter."

16. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, maintained the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, managed the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, controlled the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, operated the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the lessee of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART REAL ESTATE BUSINESS, was the lessor of the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was and still is a business entity doing business within the State of New York.

25. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was the owner of a certain premises located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Wal-Mart Supercenter."

26. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., maintained the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., managed the aforesaid premises.

28.  That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., controlled the aforesaid premises.

29.  That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., operated the aforesaid premises.

30.  That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was the lessee of the aforesaid premises.

31.  That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES INC., was the lessor of the aforesaid premises.

32.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of Delaware.

33.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation duly authorized to do business within the State of Delaware.

34.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing business within the State of New York.

35.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the owner of a certain premises/store located at 1201 Route 300, Town of Newburgh, County of Orange, State of New York, known as "Walmart."

36.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises/store.

37.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises/store.

38.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises/store.

39.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises/store.

40.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises/store.

41.    That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises/store.

42. That at all times hereinafter mentioned, the floor near the pharmacy section, located on the aforesaid premises was the situs of the within accident.

43.  That on or about the 13th day of September, 2015, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, by a wet surface near the Pharmacy section of the Defendants premises, thereby sustaining severe and serious personal injuries.

44.  The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

45. That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid

premises; in acting with reckless disregard for the safety of others, in failing to warn, place signs or barriers or otherwise act to prevent accidents; and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

46.  That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition.

47.  The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

48.  That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

49.    That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: July 28 , 2016
Middletown, New York

JENNIFER M. ROSADO, ESQ.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO:    WAL-MART SUPERCENTER STORE #2104
*Defendant in Person*
1201 Route 300
Newburgh, NY 12550

WAL-MART REAL ESTATE BUSINESS
*C/O Secretary of State – AR*

WAL-MART STORES, INC.
*C/O Secretary of State*

WAL-MART STORES EAST, LP
*C/O Secretary of State*

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE          ss:

MARLEYDIS ORTIZ, being duly sworn says; I am the Plaintiff in the action
herein; I have read the annexed Verified Complaint, know the contents thereof and
the same are true to my knowledge, except those matters therein which are stated
to be alleged on information and belief, and as to those matters I believe them to
be true.

_____
MARLEYDIS ORTIZ

Sworn to before me on this
_____, 2016

_____
NOTARY PUBLIC

VERONICA M. WESLEY
Notary Public, State of New York
Qualified in Orange County
Registration No. 01WE6075427
Commission Expires June 3, 20___

WM 16-305 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
MARLEYDIS ORTIZ,                                    Index No.: EF005960/16

                              Plaintiff,

            -against-                               VERIFIED ANSWER

WAL-MART SUPERCENTER STORE #2104,
WAL-MART REAL ESTATE BUSINESS,
WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

                              Defendants.
------------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART

SUPERCENTER STORE #2104, WAL-MART REAL ESTATE BUSINESS, WAL-MART

STORES, INC. and WAL-MART STORES EAST, LP", by its attorneys, BRODY, O'CONNOR &

O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

        FIRST: Defendant denies having knowledge or information sufficient to form a belief

as to the allegations set forth in paragraph marked "1", and each and every part thereof.

        SECOND: Defendant denies the allegations set forth in paragraphs marked "2", "3",

"4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21",

"22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38",

"39", "40", and "41", except admits that WAL-MART STORES EAST, LP is a foreign limited

partnership registered to do and doing business in the State of New York, is the operator of the

Newburgh Wal-Mart, and is a sublessee of that portion of the premises comprising the Newburgh

Wal-Mart, leaving all other questions to the Court.

THIRD:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "42", and "43", and each and every part thereof.

FOURTH:  Defendant denies the allegations set forth in paragraphs marked "44", "45", and "46", and each and every part thereof.

FIFTH:  Defendant denies the allegations set forth in paragraph marked "47", and respectfully refers all questions of law to the trial Court.

SIXTH:  Defendant denies the allegations set forth in paragraphs marked "48", and "49", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH:  Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART SUPERCENTER STORE #2104, WAL-MART REAL ESTATE BUSINESS, WAL-MART STORES, INC. and WAL-MART STORES EAST, LP", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated:  Northport, New York
        September 27, 2016

                                        Yours, etc.

                                        BRODY, O'CONNOR & O'CONNOR, ESQS.
                                        Attorneys for Defendant

                                        By:    _____
                                               PATRICIA A. O'CONNOR
                                               7 Bayview Avenue
                                               Northport, New York 11768
                                               (631) 261-7778
                                               File No.: WM 16-305 PO

TO:     SOBO & SOBO, LLP
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       September 27, 2016

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK          )
                                              ) ss:
COUNTY OF SUFFOLK     )

       DEBRA SANACORA, being duly sworn, deposes and says:

       That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

       That on the 29 day of September, 2016, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

       SOBO & SOBO, LLP
       Attorneys for Plaintiff
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

       The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                     DEBRA SANACORA

Sworn to before me this
29 day of September, 2016.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02OC6028806
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/8/20 18

## <u>AFFIDAVIT OF MAILING</u>

STATE OF NEW YORK    )
                                 ) ss:

COUNTY OF SUFFOLK    )

        DEBRA SANACORA, being duly sworn, deposes and says:

        That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

        That on the        day of February, 2017, deponent served the within NOTICE OF REMOVAL

UPON:

        SOBO & SOBO, LLP
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, New York  10940
        (845) 343-0466

        The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                      DEBRA SANACORA

Sworn to before me this
        day of February, 2017.

NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC STATE OF NEW YORK
QUAL...
COMM...