UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLEYDIS ORTIZ,

                Plaintiff,

-against-

WAL-MART STORES EAST, LP,

                Defendant.

No. 17 Civ. 945 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Marleydis Ortiz brings this action against Defendant Wal-Mart Stores East, LP asserting claims for damages arising out of a slip and fall incident at a Wal-Mart location in Newburgh, New York.

    Presently before this Court is Defendant's motion for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56. (ECF No. 34.) For the reasons discussed below, the motion for summary judgment is GRANTED.

## BACKGROUND

    The following facts derive from the Parties' 56.1 submissions and the record and are undisputed unless otherwise noted.

    On September 13, 2015, Plaintiff arrived at the Newburgh Wal-Mart store with her father. (Pl.'s 56.1 ¶¶ 1 & 11, ECF No. 39); (Def.'s 56.1 ¶ 1, ECF No. 36.) That day, Plaintiff was wearing sandals, specifically flipflops. (Pl.'s 56.1 ¶ 18.) Plaintiff and her father shopped together and separately for approximately forty-five minutes. (*Id.* ¶ 12.) On her way to pick up some notebooks, Plaintiff walked up the store's main aisle near the pharmacy and in doing so she walked passed the area where the accident would later occur. (*Id.* ¶¶ 13 – 14.) Plaintiff retrieved

1

the notebooks and, about ten minutes after walking up the aisle, walked back down the same main aisle near the pharmacy where she then slipped on a wet surface and fell.  (*Id.* ¶¶ 2, 15 – 16); (Def.'s 56.1 ¶ 1).

Plaintiff's father was walking in front of her immediately before the accident, and he did not say anything to Plaintiff about the condition of the floor prior to her fall. (*Id.* ¶¶ 17 & 20.) Plaintiff testified that she did not see anything on the floor before the accident.  (*Id.* ¶ 20); (Pl. Tr. 23:2 – 6, ECF No. 35-5.)  She also testified that she did not know of the source of the water and did not observe any broken containers, bottles, or cups in the area.  (Pl.'s 56.1 ¶¶ 25 – 26); (Pl. Tr. 30:12 – 15.)  When Plaintiff stood up after she fell, she noticed that her clothes were wet. (Pl.'s 56.1 ¶ 22.)  Defendant's employees cleaned up clear water from the floor in the area of the accident with paper towels.  (*Id.* ¶¶ 23 – 24.)

The incident was captured by two of Defendant's store cameras which recorded that the accident occurred at 4:08:13 PM.  (*Id.* ¶¶ 35 – 36.)  Nothing on the video identifies the source of the liquid or the length of time it was allegedly on the floor.  (*Id.* ¶ 37.)

One of Defendant's employees, Annmarie Corriere, was in the area of the accident when it occurred, although she did not actually witness Plaintiff's fall.  (*Id.* ¶ 28.)  Corriere testified that she was stocking health and beauty items when a man came over to tell her that Plaintiff had fallen.  (*Id.* ¶¶ 28 – 29.)  She turned her head and observed Plaintiff standing and holding onto a shopping cart and noticed that there was clear water on the floor by Plaintiff.  (*Id.* ¶ 30.)  Corriere then alerted a male assistant manager.  (*Id.* ¶ 32.)  Based on her recollection, and including herself, there were three of Defendant's employees in the area at or around the time of the accident.  (*Id.* ¶ 34.)

Plaintiff filed a Complaint against Defendant in the Supreme Court of the State of New York, County of Orange. (ECF No. 1.) This action was removed to this Court on February 8, 2017.

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] . . . affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact.*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). A fact is material if a dispute over that fact could impact the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Id.* (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258. Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P.

56(c)(1)(A), (B). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotations and citations omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (noting that such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"). However, the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. If the Court finds that one party to a case has "no real support for its version of the facts," a motion for summary judgment should be granted. *Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494, 498 (2d Cir. 1962).

## DISCUSSION

### I. Negligence Standard Under New York Law

On a summary judgment motion in an action for negligence, "the plaintiff must introduce adequate evidence on each element of negligence sufficient to support a favorable jury verdict[, and] . . . in cases where proof of any essential element falls short the case should go no further." *Stanton v. Manhattan E. Suite Hotels,* No. 01-CV-2394, 2002 WL 31641127, at *2 (S.D.N.Y. Nov. 22, 2002) (internal quotation marks omitted) (quoting *Basso v. Miller,* 40 N.Y.2d 233, 242 (1976)).  Under New York law, to demonstrate a *prima facie* case of negligence, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) an injury resulted from the breach.  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *see also Cusack v. Peter Luger, Inc.*, 909 N.Y.S.2d 532, 533 (N.Y. App. Div. 2d Dep't 2010).

"With respect to a motion for summary judgment in a slip-and-fall case, 'the plaintiff must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition.' "  *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016) (quoting *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014)).  "Summary judgment for the defendant . . . is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury." *Hassan v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-6345(LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016); *see*, *e.g., Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886(JCM), 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) ("[T]here is no evidence that Defendant created the condition, and [the p]laintiff has not pointed to any circumstantial

evidence that would create [such] an inference."); *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *7 (E.D.N.Y. June 8, 2016) (holding that a reasonable jury could not conclude that the defendant had actual or constructive notice of the spill allegedly causing the plaintiff's injury since there was no way to determine duration of hazard based on the evidence presented).

Plaintiffs need not show direct evidence in support of each element, but instead, " '[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.' " *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 747 (S.D.N.Y. 1996) (quoting *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 67 N.Y.2d 743, 744 (1986)).

The issue is not whether Defendant owed a duty to Plaintiff. Rather, the dispute is over whether Defendant breached a duty owed to Plaintiff. Defendant argues that Plaintiff cannot show any evidence that Defendant either created the dangerous condition or had actual or constructive notice of the condition and that summary judgment should therefore be granted in its favor.

## II.     Creation of or Actual Notice of the Dangerous Condition[1]

In her opposition to Defendant's motion for summary judgment, Plaintiff argues that Defendant had constructive notice of the dangerous condition but does not argue that Defendant created the dangerous condition or had actual notice of the hazard before Plaintiff fell. The Court may dismiss as abandoned claims that are unaddressed in Plaintiff's opposition. *See*

---

[1] Plaintiff indicates in her opposition that she concedes for the purposes of the motion for summary judgment that "[D]efendant created and/or had actual notice of the water on the floor." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. p.8, ECF No. 40.) While the Court assumes that Plaintiff intended to concede Defendant did not create or have actual notice of the water on the floor prior to the incident, because of the phrasing of Plaintiff's concession, the Court proceeds to analyze the creation of the hazard and actual notice claims.

*Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that response 'may be deemed an abandonment of the unmentioned claims.' " (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014))). Thus, the Court deems any arguments about the creation of the hazard and actual notice to be abandoned.

Even if Plaintiff made these arguments, there is no evidence in the record to show that Defendant caused there to be water or liquid on the floor of the main aisle where Plaintiff fell or that Defendant had actual notice of the condition. "Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition." *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015); *see Castellanos v. Target Dep't Stores, Inc.,* No. 12-CV-2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (noting that for actual notice, a plaintiff must prove that the defendants were in fact aware of the dangerous condition). Here, there is no evidence that Defendant received any complaints about or was otherwise alerted to liquid in the area where Plaintiff fell prior to her accident. No reasonable juror could determine, considering the lack of any evidence for support, that Defendant created or had actual notice of the hazardous condition.

Because Plaintiff does not argue that Defendant created or had actual notice of the alleged liquid on the floor of the main aisle and because there is no evidence in the record to support those theories, the Court will address whether Defendant had constructive notice.

### III. Constructive Notice

In a slip and fall case, for a defendant to have had constructive notice of the hazardous condition causing the fall, that condition must have been "visible and apparent" and have existed

for enough time before the accident for the defendant's employees to have discovered and remedied the hazard. *Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003); *Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986). A defendant may also have constructive notice if it had actual notice of a recurring issue in the location where the accident occurred. *Tuthill*, 270 F. Supp. 2d at 400. If there is no evidence about how long an allegedly hazardous condition existed prior to a plaintiff's accident, the plaintiff fails to establish the existence of constructive notice as a matter of law. *Rivera v. Target Dep't Store, Inc.*, No. 15-CV-7846(HBP), 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017); *Nussbaum v. Metro-North Commuter R.R.*, 994 F. Supp. 2d 483, 494 (S.D.N.Y. 2014), *aff'd*, 603 F. App'x 10 (2d Cir. 2015); *Early v. Hilton Hotels Corp.*, 73 A.D.3d 559, 561 (1st Dep't 2010).

### A. Visible and Apparent

According to Defendant the liquid on the floor of the main aisle was not visible or apparent. Defendants note that Plaintiff "made no observation of the water on the floor either before her accident or immediately after her accident" and that no one in the surveillance video from before the accident appeared to be avoiding the accident area or otherwise pointing out a hazardous condition. (Def.'s Mem. of Law pp. 6 – 7, ECF No. 37.) Plaintiff argues that there are issues of fact as to whether the condition was visible and apparent and cites to evidence that Defendant's employees were able to identify and clean the water after the accident, and she notes that the accident report indicates that there was water observable on the floor as supporting evidence. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. p. 5, ECF No. 40.)

However, none of the evidence Plaintiff presents shows that the water on the floor was visible and apparent prior to Plaintiff's fall. Parties do not dispute that employees of Defendant who arrived at the scene of the accident after it occurred identified and cleaned up water on the

floor with paper towels, or that liquid was observable on the floor in the accident area after the accident.  (*See* Pl.'s 56.1 ¶¶ 23 – 24.)  All this amounts to evidence that the floor of the accident area was wet after Plaintiff fell.  "[T]he legally meaningful time to notice a defective condition is *before* an accident, not after."  *Henry v. Target Corp.*, No. 16-CV-8416(JPO), 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018); *see Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986) (holding that the defendant was not on constructive notice because there was no evidence that the defendant or anyone else observed the dangerous condition before the plaintiff's fall).  Observations of the water on the floor after Plaintiff fell do not provide a reasonable fact finder a basis upon which to determine that the condition was visible and apparent before Plaintiff fell.

Moreover, there is no other evidence in the record to support that the hazardous condition in the main aisle was visible and apparent.  The video surveillance shows that in the hour before the accident, no one slipped, attempted to avoid the area, or otherwise indicated that liquid was visible and apparent.  (O'Connor Aff. Ex. G, ECF No. 27); *see Watts v. Wal-Mart Stores East, LP*, No. 16-CV-4411(KMK), 2018 WL 1626169, at *5 (S.D.N.Y. Mar. 29, 2018) ("[T]he video does not suggest that any of the customers or employees that walked through the area in the hour of video surveillance before the fall noticed anything on the ground."); *Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (granting summary judgment for the defendant and noting that the "surveillance video shows numerous employees walking through the precise area in which [the plaintiff] fell without any indication that they noticed an obstacle on the ground").  Several employees of Defendant walked through or by this area prior to the accident and, although they are trained to look for spills or liquid on the ground, none of them appeared to notice a spill in the area of the accident.

9

(O'Connor Aff. Ex. G); (Corriere Tr. 44:20 – 23, ECF No. 35-6 (testifying that employees of Defendant are instructed to look out for spills as part of their training).) Plaintiff herself walked through the scene of the accident approximately ten minutes before she fell and did not notice any liquid on the ground. (Pl. Tr. 22:3 – 7); *Watts*, 2018 WL 1626169, at *5 (holding that a spill was not visible and apparent because, in part, the plaintiff walked through the area of the accident before she fell and did not see liquid on the floor). Plaintiff testified that, immediately before the accident, her father walked through the aisle in front of her and on the same side of the aisle in which she walked. (Pl. Tr. 24:13 – 24.) Her father did not say anything to Plaintiff about any hazardous condition in that area, (*Id.* 24:10 – 12), and there is no testimony or other evidence that he slipped or otherwise tried to avoid the area.

Nothing in the record indicates that anyone noticed the liquid before Plaintiff fell. Plaintiff testified that she did not see the liquid on the floor before she fell. (Pl. Tr. 22:2 – 6.) She only realized that there was liquid on the floor when she noticed her clothes were wet after she stood up and when she saw Defendant's employees cleaning the area with paper towels.[2] (*Id.* 25:24 – 25; 26:2 – 4, 7 – 20.) The mere fact that Plaintiff's clothes were wet after she fell is not sufficient to create a genuine issue of fact as to Defendant's liability for the alleged hazard. *Watts*, 2018 WL 1626169, at *6 (granting summary judgment for the defendants even though the

---

[2] Plaintiff cites to *Urrita v. Target Corp.*, 681 F. App'x 102 (2d Cir. 2017) for the rule that a plaintiff's failure to see a hazardous condition prior to falling is not dispositive as to whether the condition is visible and apparent. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. pp. 5 – 6.) However, *Urrita* is easily distinguishable from the matter currently before the Court. Unlike Plaintiff in this case, the plaintiff in *Urrita* observed the liquid she eventually slipped in when she first entered the store. 681 F. App'x at 103. She even told her son, who was shopping with her, about the liquid on the floor shortly after she saw it. *Id.* at 103 – 04. About forty minutes later, when she returned to the area where she had observed liquid earlier, she slipped and fell but did not see any liquid before she slipped. *Id.* The district court granted summary judgment for the defendant. *Id.* at 104 – 05. The Second Circuit reversed because a reasonable jury could determine that the clear liquid was visible and apparent based on the plaintiff's and her son's testimony that the plaintiff had observed clear liquid in the area where she eventually slipped and fell in a clear liquid. *Id.* at 105. Unlike the plaintiff in *Urrita*, Plaintiff walked by the area where she would eventually slip and fall without observing any liquid on the ground, and there is no other evidence that Plaintiff or anyone else noticed a clear liquid in the area of the accident before her fall.

liquid allegedly causing the plaintiff to fall was pink and made her pants wet because this evidence was not enough to show that the defendant had notice of the condition prior to the accident); *Rogers v. Rockefeller Grp. Int'l*, 832 N.Y.S.2d 600, 603 (N.Y. App. Div. 2d Dep't 2007) (holding the plaintiff's clothes being wet after he fell was not enough to create an issue of fact). When Plaintiff observed the employees cleaning up the liquid after she tell, she noted that the liquid was clear and odorless, but she could not identify the dimensions of the liquid on the floor. (Pl. Tr. 31:15 – 19.)

The only evidence about the spill is that there was liquid on the ground after Plaintiff fell. The mere presence of a liquid on the surface where Plaintiff slipped and fell is insufficient to establish constructive notice." *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992). Based on the record, a reasonable jury could not conclude that the liquid in the main aisle was visible and apparent.

### B. Existence for a Sufficient Time

If, as the Court determined above, a reasonable jury could not find that the liquid on the floor was visible and apparent prior to the accident, it certainly could not find that there was sufficient time for Defendant to have discovered and remedied the condition. Supposing that the condition had been visible and apparent, there is no evidence in the record to show how long there was clear liquid on the floor of the main aisle before Plaintiff fell. "Constructive notice requires a showing of a hazardous condition that was not only visible and apparent before the accident, but also in existence a sufficient length of time to allow the defendant to observe and remove it." *Grier v. R.H. Macy & Co., Inc.*, 173 A.D.2d 238, 238 (N.Y. App. Div. 1st Dep't 1991); *see Forgione v. Nickels & Dimes, Inc.*, No. 12-CV-0869(GTS)(CFH), 2014 WL 4626304,

at *5 (N.D.N.Y. Sept. 15, 2014); *Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986).

Even after construing the evidence in the light most favorable to the nonmoving party, Plaintiff, as required when considering a motion for summary judgment, there is no evidence as to how long the liquid was on the floor before Plaintiff fell. *See Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). Plaintiff testified that she did not see the liquid immediately before she fell or when she passed through the same area ten minutes before the accident. (*Id.* 22:3 – 6; 23:2 – 6, 21 – 23.) Allowing for the possibility that the liquid formed on the floor in the approximately ten minutes between when Plaintiff initially passed through the area and the accident, courts have held that ten minutes is not sufficient time for a defendant to identify and remedy a spill. *See, e.g.*, *Lyman v. PetSmart, Inc.*, No. 16-CV-4627(JCM), 2018 WL 4538908, at *8 (S.D.N.Y. Sept. 21, 2018) (holding that twenty-five to thirty minutes was insufficient to establish constructive notice); *Mehta v. Stop & Shop Supermarket Co., LLC*, 12 N.Y.S.3d 269, 271 (N.Y. App. Div. 2d Dep't 2015); *Pollina v. Oakland's Rest., Inc.*, 945 N.Y.S.2d 134, 135 (N.Y. App. Div. 2d Dep't 2012).

In the absence of evidence as to the duration of time the liquid had been on the floor, a reasonable jury could not conclude that it had been on the floor for enough time before the accident to permit Defendant's employees to discover and remedy it. *See Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 323 (E.D.N.Y. 2014) (granting summary judgment for the defendant because there was "no evidence establishing a time frame for how long the lid could have been on the floor"); *Hammond-Warner v. United States*, 797 F. Supp. 207, 212 (E.D.N.Y. 1992) (granting summary judgment because there was no evidence about the length of time the condition existed prior to the accident, meaning that the plaintiff could not establish constructive notice).

### C. Proximity of Employees of Defendant to Hazardous Condition

Plaintiff argues that the proximity of Defendant's employees to the spill in the main aisle, together with the "totality of the circumstances," demonstrates that Defendant is not entitled to summary judgment. To support this argument, Plaintiff cites to *Tingling v. Great Atl. & Pac. Tea Co.*, which states that constructive notice cannot be inferred only based on the proximity of a defendant's employees to the hazard but from "proximity combined with other evidence that the hazard was present for an extended period of time." No. 02-CV-4196(NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003).

While Plaintiff is correct that there is evidence that there were three of Defendant's employees in the area of the dangerous condition prior to the accident (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. p. 7); (Pl. Tr. 27:6 – 9), this alone is not enough to show that Defendant had constructive notice. *See Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *5 (E.D.N.Y. June 8, 2016) ("The mere fact that a Kmart employee may have been close to the spill at the time Plaintiff fell is insufficient to create an inference that the employee saw the spill *before* the accident or was present long enough . . . to have had the opportunity to cure the hazardous condition."); *Hammond-Warner v. United States*, 797 F. Supp. 207, 212 (E.D.N.Y. 1992) ("[T]he mere proximity of employees is insufficient grounds on which to establish constructive notice.").

Plaintiff argues that there is evidence beyond the fact that there were employees in the area of the hazard to show constructive notice but does not cite to any evidence upon which a reasonable jury could conclude that Defendant had constructive notice based on the totality of the circumstances. Plaintiff testified that she did not know how long the employees were in the area prior to her accident, and she offers no evidence as to when the liquid appeared on the floor

or how long it was there. (Pl. Tr. 29:10 – 21.) The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). Conclusory statements are not enough to overcome a properly supported motion for summary judgment. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). As discussed above, *supra* Part III(A), (B), there is no other admissible evidence in the record from which a reasonable jury could conclude that the water was in the aisle for an extended period of time to allow Defendant to notice and remedy the condition.[3] Accordingly, because proximity of employees to the hazard is not enough to defeat a motion for summary judgment, Defendant's motion for summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 34 and to enter judgment in favor of Defendant and close the case.

Dated:   March 13, 2019            SO ORDERED:
         White Plains, New York

                                   NELSON S. ROMÁN
                                   United States District Judge

---

[3] Plaintiff cites to her phone call to Defendant in which she stated that she knew from her experience working in a Target store, a store of similar size and with similar policies to Defendant, that Defendant should "be able to identify the source of the water" and that its employees should have been able to prevent the accident. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. p.8.) This is mere speculation, not evidence. Speculation is not enough to create a genuine dispute of material fact. *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).